[No. 10,157.]

## THE PEOPLE v. CHRISTIAN COLSON.

CHALLENGE TO JUROR.—The action of the Court in sustaining the challenge to a juror, in a criminal case, on the ground of implied bias, cannot be excepted to, or reviewed by the appellate Court.

GRANTING TIME TO MOVE FOR A NEW TRIAL.—The presumption is, that the action of the Court in a criminal case, in refusing to allow the defendant further time to move for a new trial, was correct.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The defendant was indicted for murder, and convicted of murder in the second degree, and appealed.

The other facts are stated in the opinion.

*John B. Howard*, for the Appellant.

*Thos. P. Ryan*, for the People.

By the Court, WALLACE, C. J.:

1. The first supposed error relied upon to reverse the judgment is, that the challenge of the District Attorney made against Clarkson, for implied bias, was improperly sustained, and he erroneously excluded from serving as a

juror at the trial of the case. It is sufficient answer to this, however, that the action of the Court in sustaining such a challenge is not the subject of an exception. (Penal Code, Sec. 1170, subdivision 1; and *People* v. *Murphy*, 45 Cal. 137, where the reason of the distinction is adverted to.)

2. The only other point made for the prisoner is the refusal of the Court below to allow him further time in which to move for a new trial. The verdict had been found on the 18th of January, and he was brought before the Court for judgment on the 22d of the same month. He then applied for further time in which to move for a new trial, which application was then denied, and judgment rendered.

Upon what grounds the application was based, or by what circumstances it was supported, the record is entirely silent, and the necessary intendment here is that the action of the Court below was correct.

Judgment and order affirmed.